THE INSURANCE COMPANY OF NORTH AMERICA

v.

JACOB HOFING.

</div>

*Insurance—Policy on Barn and Personal Property—Misrepresentation as to Ownership—Forfeiture—Extent of—Fraud—Mistake in Policy—Estoppel—Damages—Remarks of Counsel.*

In an action on a policy of fire insurance insuring a barn for a certain amount and articles of personal property for separate amounts, it is *held:* That a misrepresentation in the application and proof of loss as to the ownership of the barn, in which the wife also had an interest with the assured, does not bar a recovery in respect to the personal property, although the policy provided for a forfeiture in case of attempt to defraud the company by false swearing or otherwise; that the evidence discloses no attempt to defraud the company; that the policy is not an entirety but is divisible; that the forfeiture is confined to the property affected by the misrepresentation; that the plaintiff is not estopped by his statement as to the amount of loss contained in the proof of loss; that the damages are not excessive; and that the remarks of plaintiff's attorney do not require a reversal.

<div align="center">[Opinion filed September 21, 1888.]</div>

APPEAL from the Circuit Court of Menard County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. N. W. BRANSON and T. W. McNEELY, for appellant.

When the consideration of a policy of insurance against fire is single, and the amount insured a gross sum, the contract is entire, although the sum insured is apportioned among several specific items of the property covered; and therefore a breach of the conditions of the policy as to one item avoids the whole policy. Plath v. Minn. F. M. F. I. Ass'n, 23 Minn. 479; S. C., 23 Am. Rep. 697; Ætna Ins. Co. v. Resh, 44 Mich. 55; Moore v. Va. F. & M. Ins. Co., 28 Gratt. 508; Gould v. York Co. M. F. Ins. Co., 47 Me. 403; Barnes v. Union M. F. Ins. Co., 51 Me. 110; Friesmuth v. Agawam M. F. Ins. Co., 10 Cush. 587; Brown v. People's M. Ins. Co., 11 Cush. 280; Fire Ass'n v. Williamson, 26 Pa. St. 196; Bowman v. Franklin F. Ins. Co., 40 Md. 620; Schumitsch v. Am. Ins. Co., 48 Wis. 26; Gottsman v. Penn. Ins. Co., 56 Pa. St. 210; Lovejoy v. Augusta M. F. Ins. Co., 45 Me. 272.

In the latter case there was separate insurance on a store and on goods therein, the premium being entire, and it was held that the false representation that the insured owned the store avoided the entire insurance.

In Plath v. Minn. F. M. F. I. Ass'n, *supra*, the court say: " The policy declared on in this case shows that the consideration ($1.25) paid therefor by plaintiff was single and entire. The amount of insurance secured thereby was the gross sum of $1,150, distributed upon several distinct items of property, as therein specifically stated. It is well settled, by a uniform current of authority, that a contract of insurance of this character is an entirety and indivisible, the sole effect of the apportionment of the amount of insurance upon the separate and distinct items of property named in the policy being to limit the extent of the insurer's risk, as to each such item, to the sum so specified. Lee v. Howard F. Ins. Co., 3 Gray, 583; Kimball v. Howard Fire Ins. Co., 8 Gray, 33; Day v. Charter Oak F. & M. Ins. Co., 51 Me. 91."

And the court further hold that a breach of a condition of the policy forbidding a mortgage without notice to the secretary, by mortgaging a portion of the property insured, defeated all right of recovery, " not only as respects the loss of that portion covered by the mortgage, but the entire property embraced by the policy."

Mr. S. H. BLANE, for appellee.

WALL, P. J. This was an action upon a policy of fire insurance resulting in a verdict and judgment for plaintiff for $139.20. There was some effort to show that the fire was set by the plaintiff but the evidence wholly failed to establish the charge.

The policy was payable to plaintiff and insured him against loss to the extent of $400 on his frame barn and $150 on his buggy, tanks, street sprinkler and farming implements therein, and $800 on his hay and grain therein.

The total insurance as shown by these separate amounts was $1,350, and it was so expressed in figures in the margin; but in the body of the paper it was written "thirteen and 50-100 dollars."

This apparent mistake was urged as a sufficient reason for excluding the policy on the ground of a variance. The declaration described the policy according to its legal effect and the court properly overruled this objection. Upon reading the whole instrument it is clear that the amount insured was as alleged, $1,350.

The most considerable objection urged here arises from the fact that the ownership of the real estate was in the plaintiff and his wife. The lot upon which the barn was situated was conveyed nearly twenty years before the policy was issued to the plaintiff, Jacob Hofing, and his wife, Clarissa Hofing. The grantees, though husband and wife, held under this conveyance (it being made subsequent to the married women's act of 1861) as tenants in common. Prior to that act they would have held under such a conveyance as tenants by entirety, or as sometimes expressed, by the entireties. Cooper v. Cooper, 76 Ill. 57. It is no doubt true that in the application as well as in the proof of loss there was, in a technical sense at least, a mistake in stating the ownership of the real estate to be in Jacob Hofing. This condition of the title was as a matter of fact unknown to the company until after the proof of loss was made, and it is quite evident that the insured did not understand the legal effect of it. Indeed, it is probable the

fact was not on his mind, and that he was not aware of the clause in the policy which vitiated the insurance because of the misstatement in that regard. When, upon the trial, this point was presented, he abandoned his claim to recover for the loss of the barn. It was urged, however, that he was barred in respect to the personal property of which he was the sole owner, because of a provision in the policy that an attempt to defraud the company in the matter of a claim for loss, by false swearing or otherwise, shall cause a forfeiture of this policy and all claim for loss thereunder."

The position taken in this respect is that plaintiff concealed the true condition of the title, and in the proof of loss, falsely swore that he was the sole owner of the barn. The jury found, under full instructions, that there was no attempt to defraud the company in this matter, and, we think, properly, under the evidence. The objection is wholly untenable.

In this connection it is urged that the policy is an entirety and indivisible, and the breach of its condition as to the barn avoided the whole policy. This position is based upon a clause in the policy which reads thus: "If insurance is desired on property held in trust, * * * or on property of any kind in which the interest of the applicant for insurance does not amount to the entire, sole and absolute ownership, it must, in every such case, be so represented to the company, and clearly expressed in the body of the policy, otherwise there will be no liability hereunder as to such property or limited interest."

It seems very clear that by the language of this clause the forfeiture is confined to the property affected by the misrepresentation. "As to such property" there was to be no liability. Commercial Ins. Co. v. Spankneble, 52 Ill. 53. The court properly refused the instructions asked by the company on this branch of the case.

The remaining points, that the damages were excessive and that the verdict was induced by improper remarks of plaintiff's attorney in the closing argument, we consider were properly overruled by the trial court. It is true the amount of damages exceeds the statement as to the personal property as

it appears in the proof of loss, but we think under the circumstances in evidence the plaintiff was not estopped by that statement. The remarks of the attorney referred to, while somewhat heated and forcible, were not of such a character as to vitiate the verdict.

Upon the whole case we think the company has no cause for complaint and that the judgment should be affirmed.

*Judgment affirmed.*